DISTRICT OF OREGON
**F I L E D**
September 30, 2024
Clerk, U.S. Bankruptcy Court

Below is an opinion of the court.

_____
THOMAS M. RENN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Karen Anne Morgan,<br><br>                       Debtor. | Case No. 23-60512-tmr7 |
| Larry Perkett and Susan Perkett,<br><br>                       Plaintiffs,<br>    v.<br>Karen Anne Morgan,<br><br>                       Defendant. | Adv. Proc. No. 23-6032-tmr<br><br><br>MEMORANDUM DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT[1] |

**Introduction:**

       This memorandum delivers the court's ruling on Defendant's Motion for Summary Judgment (ECF No. 24), and Plaintiffs' Motion to Strike Hearsay from Declaration of Karen Anne Morgan (ECF No. 36). The motion for summary judgment seeks judgment on all Plaintiffs'

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.

Page 1 of 9 – MEMORANDUM DECISION ON SUMMARY JUDGMENT

claims and affirmative defenses. The Perketts oppose Morgan's motion. *See* ECF No. 37, Plaintiffs' Response to Defendant's Motion for Summary Judgment.

During oral argument, the parties agreed that the court must focus on the effective date of a transaction that claims to amend the Articles of Organization of Whispering Oaks Farms, LLC. After reviewing the pleadings, the record, and applicable caselaw, I will deny the Motion for Summary Judgment and, based on the stipulation of the parties, will treat Plaintiffs' Motion to Strike Hearsay as withdrawn.

**Procedural Background:**

Plaintiffs, Larry Perkett and Susan Perkett, filed this adversary proceeding against Defendant, Karen Morgan, the debtor in this chapter 7 bankruptcy case. In their initial complaint, the Perketts objected "to the dischargeability of Debtor Karen Anne Morgan's obligations owed to Plaintiffs." ECF No. 1, page 1. The Perketts also argued that Morgan's actions constituted "grounds to deny Defendant Karen Morgan her discharge under 11 U.S.C. § 727(a)(2)." ECF No. 1, page 2. The Perketts filed an Amended Complaint (ECF No. 6) in which they objected to the discharge of any debt pursuant to 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(3).

Following the filing of the Amended Complaint, Morgan filed a Motion to Dismiss under Federal Rule of Bankruptcy Procedure (FRBP) 7012(b)(6) for failure to state a claim. ECF No. 12. The Perketts filed a Response (ECF No. 15), and the court held oral argument. *See* ECF No. 16. After argument, the court entered an order granting Morgan's Motion to Dismiss in part with respect to the Perketts' Section 727(a)(3) and Section 523(a) claims,[2] but it denied the Motion to

---

[2] Although the language in both complaints suggested claims under Section 523(a), the Perketts conceded at argument that they were not pursuing Section 523(a) claims.

Dismiss with respect to the Perketts' Section 727(a)(2) claim. ECF No. 18. Following entry of the order, Morgan filed her Answer responding to the remaining Section 727(a)(2) claim. ECF No. 21.

On February 14, 2024, Morgan filed her Motion for Summary Judgment (ECF No. 24), along with a supporting Memorandum (ECF No. 26), her Declaration (ECF No. 25), and the Declaration of Bradley Riggs (ECF No. 27). After receiving an extension of time, the Perketts filed their Response to the Motion (ECF No. 37) along with the Declaration of Erik Glatte (ECF No. 38). Morgan filed a Reply. ECF No. 40. The court held oral argument on the Motion and took the matter under advisement.

**Jurisdiction:**

The bankruptcy court has jurisdiction to decide the claims at issue under 28 U.S.C. §§ 1334 and 157(a), and Oregon Local District Court Rule 2100-2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(J). The parties have affirmatively consented, and I find that this court has constitutional authority to enter final orders and judgments in this proceeding.

**Undisputed Facts:**

The underlying facts that give rise to this Motion relate to the real property located at 54376 Oil Dri Road, Christmas Valley, Oregon, and the entity Whispering Oaks Farms, LLC. The parties do not dispute the following facts:

On January 4, 2020, Morgan and Bradley Jonathan Riggs received by statutory warranty deed the transfer of the real property known as 54376 Oil Dri Road, Christmas Valley, Oregon, (the Property), "not as tenants in common but with the right of survivorship." ECF No. 25, Exhibit 5.

Page 3 of 9 – MEMORANDUM DECISION ON SUMMARY JUDGMENT

On May 19, 2021, Articles of Organization for Whispering Oaks Farms, LLC, were e-filed with the Oregon Secretary of State. ECF No. 25, Exhibit 6.[3]

Morgan and Riggs transferred the Property to Whispering Oaks Farm, LLC, by statutory warranty deed. ECF No. 25, Exhibit 7. The signatures on the deed are dated June 9, 2021, but the deed was recorded on June 10, 2021. *See* ECF No. 25, Exhibit 7. Either of those dates for the transfer of the Property falls more than one year before Morgan's bankruptcy filing.

Articles of Amendment for Whispering Oaks Farms, LLC, were filed February 7, 2023, with the Oregon Secretary of State. The Articles of Amendment describe an amendment making Bradley Jonathan Riggs the Sole Member of the LLC. ECF No. 25, Exhibit 9. Paragraph 3 of the Articles of Amendment states "Date of adoption of each amendment: June 11, 2021." ECF No. 25, Exhibit 9.

On March 23, 2023, Morgan filed a voluntary chapter 7 petition for bankruptcy. Main Case ECF No. 1.

**Summary Judgment Standards:**

The parties do not disagree on the standards to apply for this motion for summary judgment. On a motion for summary judgment, the moving party has the burden to show there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Federal Rules of Civil Procedure (FRCP) 56(a) (made applicable by FRBP 7056). Material facts

---

[3] The parties do not dispute the filing date of the Articles of Organization for Whispering Oaks Farms, LLC. They do dispute Morgan's role in the LLC. The Articles of Organization list "Karen Anne Morgan" as the "Registered Agent" at paragraph 4, and list both "Bradley Jonathan Riggs" and "Karen Anne Morgan" as "Member" under paragraph 7, titled "Initial Member/Mangers." This fact is disputed because Morgan states in her declaration that she "inadvertently added [her] name as one of the members, which was not agreed with Mr. Riggs and was not intended." ECF No. 25, page 4.

Page 4 of 9 – MEMORANDUM DECISION ON SUMMARY JUDGMENT

are such facts as may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts as to the existence of genuine disputes as to material facts should be resolved against the moving party, *Crosswhite v. Jumpking, Inc.*, 411 F. Supp. 2d 1228, 1230 (D. Or. 2006), and all rational or reasonable inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec. Serv., Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Once the moving party has established a basis for summary judgment, the burden shifts to the nonmoving party to establish the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986) (nonmoving party cannot rely on mere allegations or denials).

In this case, to support their opposing positions, the parties reference the same document, the Articles of Amendment for Whispering Oaks Farms, LLC, ECF No. 25, Exhibit 9, but oral argument makes clear that the parties interpret the document differently.

**Analysis:**

As noted above, the only remaining issue for this court is whether it should deny Morgan a discharge under 11 U.S.C. § 727(a)(2). Section 727(a)(2) states in relevant part that:

> (a) The court shall grant the debtor a discharge, unless--
>     (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
>         (A) property of the debtor, within one year before the date of the filing of the petition; or
>         (B) property of the estate, after the date of the filing of the petition.

11 U.S.C. § 727(a)(2).

In her arguments, Morgan focuses on her notion of the effective date of the LLC's Articles of Amendment. The Articles of Amendment listed, at paragraph 2, an amendment purportedly making "Bradley Jonathan Riggs" the "Sole Member" of the LLC. ECF No. 25, Exhibit 9. The Articles of Amendment further state at paragraph 3, "Date of adoption of each amendment: June 11, 2021." ECF No. 25, Exhibit 9. Morgan argues that the amendment was adopted and therefore effective on June 11, 2021, after which she was no longer a member of the LLC. She thus concludes that she could not have transferred the identified property of the debtor within one year before the date of the filing of her bankruptcy petition, because she had no ownership interest in either Whispering Oaks Farms, LLC, or the Property within the one-year period.

The Perketts, in response, argue that the effective date of the amendment was February 7, 2023, the date the Articles of Amendment were filed with the Oregon Secretary of State. Based on the February 7, 2023, effective date, they argue that the termination of Morgan's member interest in Whispering Oaks Farms, LLC was a transfer within one year of the bankruptcy filing supporting denial of discharge under Section 727(a)(2).

Morgan, as the moving party, carries the burden of proof on the Motion. In making her arguments regarding the effective date of the Articles of Amendment, Morgan relies on the LLC filing and her Declaration, but she cites no statutes or caselaw in support of her position. The Articles of Organization for Whispering Oaks Farms, LLC, (ECF No. 25, Exhibit 6), do not include any other provision that would affect these determinations, so we look to Oregon Revised Statutes Chapter 63.

ORS 63.011(1) states that "a document accepted for filing is effective on the date it is filed by the Secretary of State and at the time, if any, specified in the document as its effective time or at 12:01 a.m. on that date if no effective time is specified." Here, ECF No. 25, Exhibit 9, shows a "Filed" stamp affixed to the top-right corner of the document that reads "Filed Feb 7, 2023 Oregon Secretary of State." The document contains no specified time, so according to the statute the amendment would be effective at 12:01 a.m. on February 7, 2023.

Morgan argues that the amendment specifies June 11, 2021, as the effective date of the amendment, but the form specifies June 11, 2021, only as the "date of adoption" and says nothing else about an effective date different from that directed by the statute. Further, ORS 63.011(2) provides that "[i]f a document specifies a delayed effective time and date, the document becomes effective at the time and date specified." A natural reading of the entire statute allows only for a delayed effective date of an amendment and not for a retroactive effective date prior to the filing of the amendment. The comments to the Effective Date and Time section of the Uniform LLC Act support that interpretation. *See* Comment to Uniform Limited Liability Company Act (2006), Section 207. Effective Date and Time, page 67 (August 19, 2015) ("Paragraph (3) – This paragraph does not authorize or contemplate the retroactive establishment of an effective date before the date of filing.").[4] This interpretation is also consistent with the limitation on the effective date of corrections related to ORS 63.014 as described below.

Additionally, based on the February 7, 2023, effective date, I find that there are numerous issues of material fact that prevent me from granting a motion for summary judgment in this

---

[4] Although the cited version of the Uniform LLC Act is more recent than the version adopted in Oregon, the language and substance of the Effective Date and Time section is similar to Oregon's version.

Page 7 of 9 – MEMORANDUM DECISION ON SUMMARY JUDGMENT

matter. Disputed facts exist concerning Morgan's ownership interest in the Property and her role in Whispering Oaks Farms, LLC. She argues that she never intended to have an ownership interest in the Property, and that she inadvertently included herself as a member of Whispering Oaks Farms, LLC. The Perketts argue that Morgan's actions and the subsequent transactions are attempts to defraud them. These materials facts must be sorted out before I can decide whether Morgan's actions prevent her from receiving a discharge.

Before continuing, I will consider Morgan's argument that the original Articles of Organization incorrectly listed her as a member of Whispering Oaks Farms, LLC, and that she and Riggs adopted the amendment on June 11, 2021, to account for that mistake. ORS 63.014, states in relevant part that:

> (1) A domestic or foreign limited liability company may correct a document filed by the Secretary of State… if the document contains an incorrect statement or was defectively executed, attested, sealed, verified or acknowledged.
>
> …
>
> (3) Articles of correction are effective on the effective date of the document they correct except as to persons relying on the uncorrected document and adversely affected by the correction. As to those persons, articles of correction are effective when filed.

ORS 63.014.

Here, Morgan has provided nothing showing that she attempted to file Articles of Correction to correct the alleged error of listing herself as a member of Whispering Oaks Farms, LLC. She provided nothing from the Oregon Secretary of State or other public record that would provide notice to the Perketts, or any other party, who were trying to determine the ownership and membership of Whispering Oaks Farms, LLC. Without the filing of Articles of Correction, nothing in the record corrects this alleged error, and nothing allows the theoretical correction to be effective as of the original filing date. With respect to the Perketts, under this statute any

correction would only be effective when filed, because they would be persons who had relied on the original document and would be adversely affected by the correction. *See* ORS 63.014(3).

Based on this ruling, the matter must proceed to trial. Morgan's ownership interest in the Property and her relationship with Whispering Oaks Farms, LLC, and its ownership interest in the Property, remain in dispute and cannot be addressed in a motion for summary judgment. At trial, the Perketts must meet all the other requirements of the statute including that Morgan acted with the required intent to hinder, delay, or defraud a creditor or an officer of the estate through her actions.

**Plaintiffs' Motion to Strike:**

Based on the parties' agreement during oral argument, I will treat Plaintiffs' Motion to Strike (ECF No. 36) as withdrawn without prejudice. In this ruling, I have not used or considered the statement in the Morgan Declaration, ECF No. 25, paragraph 9, related to what she may have been told by her attorneys. If the same issue arises at trial, we will address it then.

**Conclusion:**

For the reasons described above, Morgan's motion for summary judgment will be denied. She has not identified sufficient undisputed materials facts to establish that she is entitled to judgment as a matter of law. This memorandum sets forth my findings of fact and conclusions of law as required by FRCP 52(a), made applicable under FRBP 7052. They will not be separately stated. The court will enter a separate order denying the motion and treating the motion to strike as withdrawn. Once the court enters that order, we will set a trial date for this matter.

Page 9 of 9 – MEMORANDUM DECISION ON SUMMARY JUDGMENT

Case 23-06032-tmr    Doc 45    Filed 09/30/24