DISTRICT OF OREGON
**F I L E D**
**February 18, 2026**
Clerk, U.S. Bankruptcy Court

Below is an opinion of the court.

_____
TERESA H. PEARSON
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Karen Anne Morgan,<br><br>      Debtor. | Case No. 23-60512-thp7 |
| Larry Perkett and Susan Perkett,<br><br>      Plaintiffs,<br><br>    v.<br><br>Karen Anne Morgan,<br><br>      Defendant. | Adv. Proc. No. 23-06032-thp<br><br>MEMORANDUM DECISION[1] |

## **Introduction**

Plaintiffs Larry and Susan Perkett assert in this adversary proceeding that debtor and defendant Karen Anne Morgan should be denied her discharge because she transferred and concealed her interests in property within one year before filing her bankruptcy case.

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.

The court held a one-day trial in this case, concurrently with another adversary proceeding[2] in this same bankruptcy case. The Perketts appeared through their counsel, Erik J. Glatte. Defendant Ms. Morgan appeared through her counsel Keith Y. Boyd. The plaintiff in the other adversary proceeding, Candace Amborn (the "Trustee"), appeared through her counsel Learon J. Bird. The other defendant in the other adversary proceeding, Bradley Jonathan Riggs, appeared through his counsel Natalie C. Scott.

Ms. Perkett, Ms. Morgan, and Mr. Riggs testified at trial. The court admitted Exhibits 1-12,[3] 101-114,[4] 201-208,[5] and 301-303.[6]

For the reasons set forth below, the court finds in favor of the plaintiffs.

## Procedural History

Ms. Morgan filed her voluntary chapter 7 bankruptcy case on March 27, 2023.[7] Candace Amborn was appointed as the chapter 7 trustee.[8]

The Perketts filed their adversary proceeding on July 17, 2023.[9] The Perketts amended their complaint once.[10] Ms. Morgan filed a motion to dismiss the amended complaint,[11] which the court granted in part and denied in part.[12] Ms. Morgan then filed an answer to the amended complaint.[13]

---

[2] *Amborn v. Morgan*, adv. proc. no. 24-06062-thp.
[3] ECF No. 73, filed Jan. 9, 2026, in adv. proc. no. 24-06062-thp.
[4] ECF No. 72, filed Jan. 9, 2026, and using replacement Exh. 110, filed at ECF No. 75 on Jan. 16, 2026.
[5] ECF No. 71, filed Jan. 8, 2026, and using replacement Exh. 206 submitted on paper at trial, later filed at ECF No. 79 on Jan. 28, 2026.
[6] ECF No. 75, filed Jan. 9, 2026, in adv. proc. no. 24-06062-thp.
[7] Chapter 7 Voluntary Petition, ECF No. 1, filed Mar. 27, 2023, in bankr. case no. 23-60512-thp7.
[8] Notice of Chapter 7 Bankruptcy Case, ECF No. 4, filed Mar. 27, 2023, in bankr. case no. 23-60512-thp7.
[9] Complaint Objecting to Dischargeability of Debt Pursuant to 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(3), ECF No. 1, filed Jul. 17, 2023.
[10] Amended Complaint Objecting to Dischargeability of Debt Pursuant to 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(3), ECF No. 6, filed Aug. 9, 2023.
[11] Defendant's Motion to Dismiss Plaintiffs' Amended Complaint Under Federal Rule of Bankruptcy Procedure 7012(b)(6), ECF no. 12, filed Aug. 28, 2023.
[12] Order re Defendant's Motion to Dismiss, ECF No. 18, entered Oct. 13, 2023.
[13] Answer and Affirmative Defense, ECF No. 21, filed Oct. 25, 2023.

Ms. Morgan then filed a motion for summary judgment.[14] After briefing, the court entered a memorandum decision on the motion for summary judgment[15] and an order denying the motion for summary judgment.[16]

### Jurisdiction

This court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, and authority to decide this claim as a core proceeding under 28 U.S.C. § 157(b)(2)(J).[17]

### Facts

After carefully considering all the evidence presented as a whole and the credibility of each of the witnesses, the court makes the following findings of fact:

1. The Perketts have lived on property on Jones Road in White City, Oregon (the "Perketts' Property"), since 1962. They live and operate a business on the Perketts' Property.

2. The Perkett's original neighbor on Jones Road was Ms. Morgan's mother. Ms. Morgan's mother granted an easement to the Perketts over her property (the "Jones Road Property") for access to the Perketts' Property.

3. In 2015, sometime after Ms. Morgan acquired an interest in the Jones Road Property from her mother, Ms. Morgan opposed use of the easement over the Jones Road Property to access the Perketts' Property.

4. In 2016, Ms. Morgan obtained sole interest in the Jones Road Property after her mother passed away.

---

[14] Notice of Motion for Summary Judgment and Defendant's Motion for Summary Judgment, ECF No. 24, filed Feb. 14, 2024.
[15] Memorandum Decision on Defendant's Motion for Summary Judgment, ECF No. 45, entered Sept. 30, 2024.
[16] Order on Defendant's Motion for Summary Judgment and Plaintiffs' Motion to Strike, ECF No. 46, entered on Sept. 30, 2024.
[17] Plaintiffs asserted that this is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (I), but this is not quite correct. Amended Complaint Objecting to Dischargeability of Debt Pursuant to 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(3), ECF No. 6, filed Aug. 9, 2023, ¶ 2. Nonetheless, defendant did not dispute jurisdiction. Answer & Affirmative Defense, ECF No 21, filed Oct. 25, 2023, ¶ 2.

5.  Ms. Morgan and the Perketts then engaged in litigation in Jackson County, Oregon (including many appeals) and other land use disputes for many years. This litigation and the disputes were about the easement on the Jones Road Property and each of the parties' respective behavior and use of the easement.

6.  The Perketts filed a notice of lis pendens on the Jones Road Property almost immediately after filing their litigation.

7.  Ms. Morgan testified that she did not know that the easement contained an attorney fee provision and did not give much thought to the fact that if she lost the litigation with the Perketts she might be liable for the Perketts' attorney fees. The court did not find that testimony credible.

8.  Ms. Morgan and Mr. Riggs have lived together since 2015. Mr. Riggs lived with Ms. Morgan on the Jones Road Property.

9.  On December 19, 2019, Ms. Morgan wired $5,000 to the Deschutes County Title Company for the purchase of property located at 54376 Oil Dri Road in Christmas Valley, Oregon (the "Christmas Valley Property").

10. On January 9, 2020, Mr. Riggs wired $96,541.48 to the Deschutes County Title Company for the purchase of the Christmas Valley Property.

11. On January 13, 2020, a settlement statement was prepared for purchase of the Christmas Valley Property. The settlement statement shows a deposit of $5,000, a loan of $165,000, and funds to close of $96,541.48 were paid to purchase the property.

12. Both Ms. Morgan and Mr. Riggs signed the loan documents for the $165,000 purchase money loan for the Christmas Valley Property.

13. On, January 13, 2020, a Statutory Warranty Deed was recorded in Lake County, Oregon, in which third-party grantors conveyed the Christmas Valley Property to "Bradley Jonathan Riggs and Karen Anne Morgan, not as tenants in common but with the right of survivorship." The deed states that the consideration was $265,000.

14. Ms. Morgan testified that she never paid any money for the purchase of the Christmas Valley Property, but instead that Mr. Riggs wired $5,000 to her on December 20, 2019, and that she wired those same funds out to the title company on December 23, 2019. This testimony was not credible and is contradicted by the written bank and transaction records.

15. Ms. Morgan's bank statement does show an incoming wire on December 20 and an outgoing wire on December 23, each in the amount of $5,000. However, there is no evidence that those wires related to purchase of the Christmas Valley Property. Ms. Morgan's bank statement also shows another outgoing wire from her account on December 19, 2019, in the amount of $5,000. The wire details for that wire transfer and the title company's records show that the December 19 wire, not the December 23 wire, provided the $5,000 that was applied to the purchase of the Christmas Valley Property. There is no evidence that Mr. Riggs was the source of the $5,000 that Ms. Morgan paid on December 19 to purchase the Christmas Valley Property.

16. Ms. Morgan testified that, despite the language of the deed, she was not actually an owner of the Christmas Valley Property and that it was Mr. Riggs' property. She testified that she was only put on the deed to have a survivorship interest. She also testified that she never put a dime into the purchase of the Christmas Valley Property. The court did not find any of that testimony to be credible.

17. Mr. Riggs testified that he decided that Ms. Morgan would be listed on the deed to the property so that she could inherit the property if he dies first. The court did not find that testimony to be credible.

18. Mr. Riggs had cows when he and Ms. Morgan purchased the Christmas Valley Property.

19. Ms. Morgan has lived at the Christmas Valley Property since at least July 2020 and still lived there at the time of trial in this adversary proceeding.

20. The litigation between the Perketts and Ms. Morgan in Jackson County ultimately went to a multi-day bench trial in December 2020.

21.    On February 25, 2021, the judge in the Jackson County case issued his ruling in the dispute between the Perketts and Ms. Morgan.  Ms. Morgan prevailed on some of the claims and the Perketts prevailed on other claims.  The ruling provided that any party claiming costs or fees could file a request pursuant to ORCP 68.

22.    Ms. Morgan testified that she never saw this ruling until after the bankruptcy case was filed.  The court did not find that testimony credible.

23.    On April 28, 2021, the Perketts obtained a general judgment against Ms. Morgan for $19,600 plus post-judgment interest at 9% interest per annum.  The principal amount of the judgment was the net amount Ms. Morgan owed to the Perketts after offsetting the amounts the Perketts owed to Ms. Morgan.  The judgment also provided for attorney fees and costs to be determined in accordance with ORCP 68.

24.    On May 11, 2021, the Perketts' counsel filed his statement for attorney fees and costs, requesting a total amount of $180,818.86.

25.    Ms. Morgan testified that she did not see the Perkett's statement for attorney fees and costs until the morning of trial in this adversary proceeding.  The court did not find that testimony credible.

26.    On May 11, 2021, Ms. Morgan's counsel also filed his declaration in support of an award of attorney fees in the amount of $31,411.25, plus costs of $1,610.00.

27.    On May 13, 2021, Ms. Morgan appealed the general judgment.

28.    On May 19, 2021, Ms. Morgan prepared and filed Articles of Organization for Whispering Oaks Farms, LLC.  Ms. Morgan and Mr. Riggs are each listed as members of the limited liability company.  Ms. Morgan electronically signed the Articles of Organization under the penalty of perjury.

29.    Ms. Morgan testified that creation of the limited liability company was a mutual decision between her and Mr. Riggs, but that she deferred to him because the Christmas Valley Property was his property and he wanted it in a limited liability company.  The court did not find this testimony credible.

30. Mr. Riggs testified that the limited liability company was set up for his cattle. The court did not find this testimony convincing, given that Mr. Riggs had cattle on the Christmas Valley Property since the time Ms. Morgan and Mr. Riggs acquired the property.

31. Ms. Morgan and Mr. Riggs intended to transfer the Christmas Valley Property to Whispering Oaks Farms, LLC, when the limited liability company was formed.

32. Ms. Morgan testified that the formation of Whispering Oaks Farms, LLC, had nothing to do with entry of the general judgment and the appeal filed less than a week before. The court did not find this testimony credible.

33. Mr. Riggs testified that the formation of Whispering Oaks Farms, LLC, had nothing to do with entry of the general judgment or getting the Christmas Valley Property out of Ms. Morgan's name. The court did not find this testimony credible.

34. On June 10, 2021, Ms. Morgan and Mr. Riggs conveyed the Christmas Valley Property to Whispering Oaks Farms, LLC, by statutory warranty deed recorded in Lake County, Oregon. The consideration stated in the deed is "other compensation in excess of $10.00." Ms. Morgan prepared the deed, and Ms. Morgan and Mr. Riggs both signed it.

35. Ms. Morgan testified that listing herself as a member of the limited liability company was a mistake, and that she started preparing the limited liability company forms for her turkey business but ended up finishing the forms for Mr. Riggs to use. She testified that she "immediately, as soon as I possibly could" corrected the error on June 11, 2021. The court did not find this testimony credible.

36. On July 12, 2021, the judge in the Jackson County case held a hearing on the attorney fee issues and took the matter under advisement.

37. On July 26, 2021, Ms. Morgan sold the Jones Road Property to Kirsten Logan and Christopher Logan, her daughter and son-in-law.

38. Ms. Morgan claims she made the deal to sell the property to her daughter and son-in-law sometime before May 2021.

39. As part of the closing of the property, Ms. Morgan gifted equity in the Jones Road Property in the amount of $11,795.00 to her daughter and son-in-law.

40. No payment was made to the Perketts on the general judgment from closing of the sale of the Jones Road Property, even though the general judgment was a judicial lien against the property.

41. Upon closing, the title company disbursed the net sale proceeds of $156,742.55 to Ms. Morgan. Ms. Morgan transferred the $156,742.55 in proceeds to Mr. Riggs.

42. Ms. Morgan testified that she told the title company to pay the Perketts from the sale of the Jones Road Property. She also testified that she did not read the estimated settlement statement or closing statement (even though she signed both documents) and therefore did not know that the Perketts were not going to be paid from closing. The court did not find that testimony credible.

43. Ms. Morgan testified that she thought the Perketts would be paid in full at closing of the sale of the Jones Road Property and that she would not owe them any more money after closing, even though the parties' competing claims for attorney fees and costs were unresolved. The court did not find that testimony credible.

44. The Perketts did not know about the sale of the Jones Road Property when it occurred. They knew Ms. Morgan's daughter was renting the Jones Road Property but did not know she had purchased it. They did not learn about the sale until sometime later in 2021.

45. On October 4, 2021, in the Jackson County case the Perketts obtained a supplemental judgment against Ms. Morgan for attorney fees and costs in the amount $66,889.64 plus post-judgment interest at 9% per annum.

46. On October 13, 2021, Ms. Morgan appealed the supplemental judgment.

47. Ms. Morgan testified that she did not know when she became aware of the supplemental judgment and did not know about the appeal when her lawyer filed it. The court did not find this testimony credible.

48. On or about October 14, 2021, the Perketts' counsel sent a notice of demand to pay the supplemental judgment to Ms. Morgan.

49. On November 2, 2021, the Perketts sought to take a judgment debtor examination of Ms. Morgan.

50. Ms. Morgan testified that she did not know that the Perketts were trying to take her judgment debtor examination. The court did not find this testimony credible.

51. On March 17, 2022, in the Jackson County case, the Perketts obtained another supplemental judgment against Ms. Morgan for $12,198.75 plus post-judgment interest at 9% for attorney fees and costs.

52. On September 29, 2022, Whispering Oaks Farms, LLC, was administratively dissolved by the Oregon Secretary of State.

53. On October 21, 2022, the Perketts filed a satisfaction of the general judgment entered on April 28, 2021, in the amount of $19,600, together with costs and accrued interest in the Jackson County case. Ms. Morgan did not pay this amount. Instead, the payment on the general judgment was made to the Perketts by the title company who closed the sale of the Jones Road Property from Ms. Morgan to her daughter and son-in-law. The title company did not pay the two supplemental judgments.

54. The two supplemental judgments remain unpaid.

55. Ms. Morgan has never paid any money to the Perketts on any of judgments.

56. On November 16, 2022, the Perketts filed complaint alleging claims for fraudulent transfer against Ms. Morgan in Lake County, Oregon.

57. On November 23, 2022, the Perketts filed an amended complaint alleging claims for fraudulent transfer in the Lake County case, adding Whispering Oaks Farms, LLC, as an additional defendant.

58. On January 25, 2023, Ms. Morgan filed a legal brief in the Lake County case. In that brief, she stated: "June 09, 2021 after entry of the April 28, 2021 GENERAL JUDGMENT AND MONEY AWARD, Defendant Karen Anne Morgan was free to sell her interest in the

[Christmas Valley Property]." This evidence undercuts Ms. Morgan's claim that she was not an owner of the Christmas Valley property.

59. Ms. Morgan attempted to explain this statement from the legal brief by asserting that she was referring to a "generic interest," and that if she had an interest in the property, she could do something with it. She also claimed that she wrote this legal brief in a hurry using information a paralegal friend gave her to cut and paste. The court did not find Ms. Morgan's explanation credible.

60. Ms. Morgan prepared, and on February 7, 2023, Ms. Morgan filed four documents with the Oregon Secretary of State, in the following order:

    a. Articles of Amendment for Whispering Oaks Farms, LLC (filing # ending in -666) showing that Bradley Jonathan Riggs is the sole member of the LLC, and that the date of adoption of the amendment was "June 11, 2021."

    b. Information Change for Whispering Oaks Farms, LLC (filing # ending in -710), showing "Karen Anne Morgan, no longer member" and "Karen Anne Morgan, Manager."

    c. Information Change for Whispering Oaks Farms, LLC (filing # ending in -718), showing "Karen Anne Morgan, resigned membership" and "Karen Anne Morgan, Manager."

    d. Articles of Dissolution filed for Whispering Oaks Farms, LLC, listing Bradley Jonathan Riggs as "President & Sole Member."

61. Ms. Morgan testified that she prepared the Articles of Amendment (filing # ending in -666) and the Information Change (filing # ending in -718) on June 11, 2021, and gave them to Mr. Riggs to file. Ms. Morgan testified that instead of filing these documents, Mr. Riggs just put them in a desk drawer. Mr. Riggs testified that he left them on the desk at home at the Christmas Valley Property. Mr. Riggs claimed he did not understand the documents

needed to be filed with the Secretary of State. However, he acknowledged the fact that the forms required a fee for filing. The court does not find any of this testimony credible.

62. Ms. Morgan attempted to explain the statement in the Information Changes that she was "no longer [a] member" and "resigned membership" by asserting she was never really a member and that she thought this was how she needed to fix her mistaken original statement that she had a membership interest in the limited liability company. The court did not find those explanations credible.

63. Ms. Morgan and Mr. Riggs were each 50% owners of Whispering Oaks Farms LLC, from its formation until the time that Ms. Morgan gave up her membership interest on February 7, 2023.[18] Ms. Morgan's relinquishment of her membership interest had the effect of transferring that interest to Mr. Riggs, who was the only remaining member.

64. Mr. Riggs testified that he did not know that the Perketts had a judgment against Ms. Morgan until February of 2023. The court did not find that testimony credible.

65. Whispering Oaks Farms, LLC, never had any assets other than the Christmas Valley Property.

66. Ms. Morgan testified that Whispering Oaks Farms, LLC, filed articles of dissolution because limited liability companies may only appear in court through an attorney and that dissolving the company would allow Mr. Riggs to represent himself in the Perketts' fraudulent transfer case.

67. On February 8, 2023, Whispering Oaks Farms, LLC, conveyed the Christmas Valley Property to Mr. Riggs by statutory warranty deed recorded in Lake County, Oregon. The deed was not prepared by an attorney. The deed states that "[t]he true consideration for this

---

[18] The original judge assigned to this case ruled that, as a matter of law, the transfer of membership could not be effective as to anyone outside of Ms. Morgan and Mr. Riggs until after these documents were filed with the Oregon Secretary of State on February 7, 2023. Memorandum Decision on Summary Judgment, ECF No. 45, filed on Sept. 30, 2024, pp. 7-9. This judge agrees with that ruling of law. Separate from that ruling, however, this court also finds that as a matter of fact, Ms. Morgan had a membership interest when Whispering Oaks Farms, LLC, was formed and did not give up her membership interest until February 7, 2023.

conveyance is Grantee's waiver of all attorney fees Grantee paid on behalf of and still owed Grantee by Karen Anne Morgan for her legal defense in Perkett -vs- Morgan, Jackson County Circuit Court Case Number 17CV24682, EXCEPT: Deed of Trust File Number DE8755 and Real Property Taxes, a lien not yet due and payable, to be paid by Grantee." Mr. Riggs signed the deed on behalf of Whispering Oaks Farms, LLC.

68. Mr. Riggs testified that this transfer was done so he could become an intervenor in the Lake County case. He claimed it had nothing to do with keeping the property away from the Perketts or to create hurdles for them. The court did not find this testimony credible.

69. On February 13, 2023, Mr. Riggs submitted his declaration to the Lake County Circuit Court. Ms. Morgan prepared the declaration. Mr. Riggs' declaration states "I liked the name WHISPERING OAKS FARMS, LLC, so I offered and Defendant, Karen Anne Morgan, accepted my proposal to waive part of her debt to me for paying her attorney fees in exchange she would resign her membership in WHISPERING OAKS FARMS, LLC, and remain on as manager and agreed to continue helping me run my ranch. However, she errored leaving herself as Registered Agent and Member. So, the next day after the recording of my Statutory Warranty Deed #2021-001189, June 11, 2021, I took administrative action, amending the Articles of Organization to formally remove Defendant, Karen Anne Morgan, from WHISPERING OAKS FARMS, LLC (See, Exhibit B), reduce her position to that of my manager, then I dissolved WHISPERING OAKS FARMS, LLC and re-titled the real property from WHISPERING OAKS FARMS, LLC to myself as authorized by Oregon Limited Liability Act . . . "

70. On March 27, 2023, Ms. Morgan filed bankruptcy.

71. On October 23, 2023, Ms. Morgan's counsel filed a proof of claim on behalf of "Brad Riggs" for $145,707.98 for "Money loaned." The proof of claim asserts that Mr. Riggs paid attorney fees of $302,433.79 and received payment of $156,725.81 from the proceeds of the sale of the Jones Road property, to calculate the net balance owed of $145,707.98.

72. Mr. Riggs testified that, although he did not review this proof of claim before it was filed, it was a true claim. Then, when confronted at trial with the deed recorded February 8,

2023, and the consideration stated therein, Mr. Riggs acknowledged that it is possible that he does not actually have a claim in this case.

73. There is no documentation showing that the attorney fees Mr. Riggs paid on behalf of Ms. Morgan were a loan.

74. Ms. Morgan testified that Mr. Riggs paid her attorney fees to help her, and because he was going to live on the Jones Road Property with her. Ms. Morgan said she demanded that he treat his payment of her attorney fees as a loan.

75. Mr. Riggs testified that he paid Ms. Morgan's attorney fees to help her out. He claimed that Ms. Morgan verbally told him that she would repay him for attorney fees that he paid on her behalf. However, he did not believe that she had extra assets to pay him because she was living paycheck to paycheck. Mr. Riggs had no idea how Ms. Morgan could repay him.

76. The court concludes from the evidence that Mr. Riggs was not making a loan to Ms. Morgan when he paid Ms. Morgan's attorney fees. Mr. Riggs paid Ms. Morgan's attorney fees without regard of her willingness and ability to pay him back. While Ms. Morgan may have expressed a desire to pay Mr. Riggs the money he paid for those attorney fees, that is not the same thing as a loan.

77. Other than the claims raised in this adversary proceeding, Ms. Morgan's bankruptcy estate has no other assets that the trustee can use to pay creditors.

78. Ms. Morgan asserts that she has claims against the Perketts that are worth $1.5 million. Ms. Morgan did not list those claims on her original bankruptcy schedules. Ms. Morgan testified that she told her bankruptcy lawyer about those claims but that he did not put them on her bankruptcy schedules. The court did not find that testimony credible.

## Analysis of Claims

**I.   The Plaintiffs Have Proven their Claim for Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(2)(A).**

The plaintiffs allege that Ms. Morgan's discharge should be denied because she transferred and concealed her interest in property when in February 2023 (the month before she

filed bankruptcy), with intent to hinder and delay the Perketts' collection efforts, she relinquished her membership interest in Whispering Oaks Farms, LLC, and it transferred the Christmas Valley Property to Mr. Riggs.

    A.    **Legal Standard**

The plaintiffs assert their claim against Ms. Morgan pursuant to 11 U.S.C. § 727(a)(2). Section 727(a)(2) provides in relevant part that "[t]he court shall grant the debtor a discharge, unless . . . the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, . . . or concealed, or has permitted to be transferred, removed, . . . or concealed . . . property of the debtor, within one year before the date of the filing of the petition."

To prevail, the Perketts must prove two things: "(1) a disposition of property, such as transfer or concealment, and (2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act [of] disposing of the property."[19] The court may infer debtor's intent from the circumstances.[20] In determining the debtor's intent, the court may consider various badges of fraud, which need not all be present.[21] These include "(1) a close relationship between the transferor and the transferee; (2) that the transfer was in anticipation of a pending suit; (3) that the transferor Debtor was insolvent or in poor financial condition at the time; (4) that all or substantially all of the Debtor's property was transferred; (5) that the transfer so completely depleted the Debtor's assets that the creditor has been hindered or delayed in recovering any part of the judgment; and (6) that the Debtor received inadequate consideration for the transfer."[22]

The Perketts have the burden of proof by the preponderance of the evidence.[23]

---

[19] *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010) (cleaned up).
[20] *Emmett Valley Assocs. v. Woodfield (In re Woodfield)*, 978 F.2d 516, 518 (9th Cir. 1992).
[21] *Id.*
[22] *Id.*
[23] *Retz*, 606 F.3d at 1196.

B.   **Analysis**

Ms. Morgan effectively transferred her membership interest in Whispering Oaks Farms, LLC, when she relinquished that interest in February 2023. She then participated in the company's transfer of the Christmas Valley Property—its only asset—to Mr. Riggs. This was within one year before Ms. Morgan filed bankruptcy. Ms. Morgan concealed that transfer when she filed documents in February 2023 indicating that she gave up her membership interest on June 11, 2021, when she actually relinquished her membership interest in February 2023.

Ms. Morgan acted with actual intent to hinder and delay the Perketts from collecting obligations that Ms. Morgan owed to them. All of the badges of fraud mentioned in *Woodfield* are present here: (1) there is a special relationship between Ms. Morgan and Mr. Riggs, as they are domestic partners and have lived together since 2015, and Whispering Oaks Farms, LLC, was their closely held limited liability company, (2) the Perketts had actual and significant litigation against Ms. Morgan, including a pending collection action against Ms. Morgan, (3) Ms. Morgan was not able to pay her debts, as evidenced by her inability to pay her own state court attorneys, (4) the transfers were of substantially all of Ms. Morgan's property, as she had no other significant assets and was living paycheck to paycheck, (5) Ms. Morgan's actions have depleted her assets such that the Perketts are hindered or delayed in recovering from Ms. Morgan on their judgments, and (6) Ms. Morgan received no consideration for the relinquishment of her limited liability company interest in Whispering Oaks Farms, LLC.

II.   **Affirmative Defense**

In her answer, Ms. Morgan asserted an affirmative defense of failure to state a claim for relief. For the reasons set forth above, the Perketts have stated and proven their claim under 11 U.S.C. § 727(a)(2)(A). This affirmative defense lacks merit.

## Conclusion

For the reasons set forth above, the court concludes that Ms. Morgan's discharge should be denied. Counsel for the Perketts should circulate and upload an appropriate judgment.

###